IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| CHRISTOPHER JAMES CAREY | * | |
| Plaintiff, | * | Civil Action No. |
| v. | * | |
| BALTIMORE COUNTY, MARYLAND | * | |
| Serve: | * | |
| James R. Benjamin Jr., County Attorney<br>Baltimore County Office of Law<br>400 Washington Avenue – Suite 201<br>Towson, MD 21204 | * | |
| and | * | |
| MELISSA R. HYATT, Chief of Police<br>Baltimore County Police Department | * | |
| and | * | |
| EMILY WOLFORD, Police Officer<br>Baltimore County Police Department | * | |
| And | * | |
| B. REMMERS, Police Officer<br>Baltimore County Police Department | * | |
| And | * | |
| MICHAEL LEATHERMAN, Police Officer<br>Baltimore County Police Department | * | |
| Defendants. | * | |

* * * * * * * * * *

**COMPLAINT FOR DAMAGES & JURY DEMAND**

(Assault & Battery; False Arrest/Detention; Illegal Search & Seizure, False Imprisonment; Deprivation of Civil Rights; 1983 action; Intentional Infliction of Emotional Distress; Deprivation of Maryland Constitutional Rights)

1

## INTRODUCTION

1. This is a civil action brought pursuant to 42 U.S.C. §1983 seeking damages against the Defendants for committing acts under color of law which deprived Plaintiff, Christopher James Carey (hereinafter "Plaintiff Carey'), of rights secured under the Constitution and laws of the United States and the State of Maryland.

2. In addition, it is a civil action seeking damages against the Defendants for intentional wrongdoing and acts of negligence under common law.

3. All conditions precedent to the filing of this suit have been satisfied.

## JURISDICTION AND VENUE

4. Jurisdiction exists in this case pursuant to the Fourth Amendment to the Constitution, and under 42 U.S.C. § 1983, 28 U.S.C. § 1331, 28 U.S.C. § 1343.

5. Baltimore County Government was given notice of this claim by letter dated December 6th, 2021, pursuant to the Local Government Tort Claims Act, Courts & Judicial Proceedings Article §5-304, of the Annotated Code of Maryland.

6. Venue is proper in this Court because the events articulated in this Complaint occurred in Towson, Baltimore County, Maryland on or about December 11th, 2020 at approximately 1030 hours and because Defendant Baltimore County, Maryland, and its agent, the Baltimore County Police Department (hereinafter "BCPD"), are located in this judicial circuit.

## PARTIES

7. Plaintiff Carey was at all times relevant herein, a resident of Baltimore County who resides at 5413 Hutton Avenue, Baltimore, Maryland 21207.

8. Defendant Baltimore County Government is a governmental entity and/or political subdivision properly established under the laws of the State of Maryland.

9. Defendant Melissa Hyatt is the Chief of Police for the Baltimore County Police Department, a component subsidiary of the Baltimore County Government and at the time of the incident which gives rise to this action, was responsible for the day-to-day operations of the Baltimore County Police Department. Chief Hyatt is being sued in her individual and official capacity. At all times relevant herein, this Defendant was acting within the course and scope of her employment.

10. Defendant Police Officer Emily Wolford is a Caucasian individual who was at all times relevant to this proceeding a Baltimore County Police Officer acting within the course and scope of her employment with Defendant Baltimore County. This Defendant is being sued in her individual and official capacities.

11. Defendant Police Officer B. Remmers is a Caucasian individual who was at all times relevant to this proceeding a Baltimore County Police Officer acting within the course and scope of his employment with Defendant Baltimore County. This Defendant is being sued in his individual and official capacities.

12. Defendant Police Officer Michael Leatherman is a Caucasian individual who was at all times relevant to this proceeding a Baltimore County Police Officer acting within the course and scope of his employment with Defendant Baltimore County. This Defendant is being sued in his individual and official capacities.

## STATEMENT OF RELEVANT FACTS

13. Defendant Baltimore County maintains the Baltimore County Police Department (BCPD) and, through it, employs police officers who, among other things, are responsible for protecting individuals and property in Baltimore County, Maryland.

14. In addition to employing police officers, Defendant Baltimore County maintains the BCPD Police Department, which operates and administers a set of law enforcement policies, practices and customs involving the hiring, training and supervision of its law enforcement officers. These policies, practices and customs include training in the use of force and on-the-street encounters with civilians as well as firearms training. Baltimore County is liable directly and vicariously for the actions of the BCPD and its officers.

15. Plaintiff Carey was a 34 year-old African American man who stood 5'11" tall and weighed 210 pounds at the time of the incident addressed in this Complaint. He is a father of three minor children and lived with a friend at 4923 Old Court Road in Randallstown, Baltimore County, Maryland 21133, at the time of his encounter with Defendants Wolford, Remmers and Leatherman.

16. On the morning hours of December 11th, 2020, Plaintiff Carey was lawfully operating his 1998 Lexus automobile along Liberty Road in the Randallstown area of Baltimore County, Maryland.

17. At or about the same time, Defendant Officer Wolford was working as a Baltimore County Police Officer presumably on routine patrol in the Randallstown area.

18. Defendant Officer Wolford appeared to have noticed the lone African American Plaintiff operating the Lexus and decided to effectuate a traffic stop on the vehicle. The officer activated her emergency equipment and pulled the Plaintiff over on Liberty Road near Chatman Road for no identifiable reason.

19. Plaintiff Carey, who was not involved in any illegal activity and was obeying all traffic laws in the area at the time, provided his appropriate documentation (license and registration

information) to Defendant Wolford and was completely cooperative with the commands of the officer during the course of the traffic stop.

18. Defendant Wolford, who apparently concluded that because Plaintiff was a single operator African-American male operating a vehicle in Baltimore County he must have been carrying controlled dangerous substances in his vehicle, improperly delayed and detained Plaintiff from his normal route for an inordinate period of time without proper cause or legal justification.

19. After receiving the requested information from the Plaintiff, Defendant Wolford ordered him to remain in his vehicle while she contacted Defendant Officer Leatherman and Defendant Officer Remmers - who has a K-9 dog trained to detect controlled dangerous substances - to respond to the scene.

20. Defendant Leatherman then interacted with the Plaintiff, advising Plaintiff that there was a problem with the vehicle registration and asking for additional information concerning the vehicle's insurance information. At all times, Plaintiff was polite and cooperative with Defendant Leatherman and all the police officers on the scene.

21. After a short time, Defendant Leatherman asked the Plaintiff to step out of his vehicle and asked him if he had anything illegal in his vehicle. Plaintiff responded that he did not have anything illegal in the vehicle and he followed Defendant Leatherman's demands that he exit his vehicle. At no time did Defendant Leatherman request permission to conduct a search of the Plaintiff's vehicle.

22. Immediately after Plaintiff exited the vehicle, K-9 Officer Remmers, acting without permission or probable cause, can be seen on both Leatherman's body worn camera and on Remmer's own body worn camera, conducted a complete search of the Plaintiff's vehicle by using

his K-9 dog to go in and out of the car apparently looking for controlled dangerous substances, but such search proved completely unproductive.

23. When the search by Defendant Remmers proved unproductive, Defendant Wolford can be seen on Defendant Leatherman's body worn camera conducted a thorough search of the Plaintiff's vehicle by looking into the cabin of the vehicle and the trunk of the car – without permission of the plaintiff – and finding nothing illegal in the vehicle.

24. While Defendant Wolford was conducting a search of the vehicle, Defendant Leatherman conducted a full body search of the Plaintiff – in full view of motorists passing by the scene – initially frisking him then pulling items out of the Plaintiff's pockets. Again, nothing illegal was removed or retrieved from Plaintiff.

25. When the encounter ended – approximately an hour from when it began – no tickets or citations were issued, no written warnings were provided, and Defendants Wolford and Leatherman told the Plaintiff to look into any potential problems with his registration at some point in the future. Plaintiff Carey was told he was free to go on his way.

26. Plaintiff Carey, for no immediately reason, was inappropriately detained on a traffic stop much longer than necessary so that the Defendant Officers could summons a K-9 dog to conduct a search of his vehicle – without permission, consent or probable cause, because Plaintiff was an African American male operating a vehicle in Baltimore County. As such, Plaintiff was unreasonably and impermissibly delayed from his daily routine by the actions of the police officers who had treated him as if he was a criminal despite never having before been arrested.

27. As a result of this incident, Plaintiff Carey was humiliated, embarrassed, suffered mental anguish as well as emotional injuries when Defendants invaded his personal privacy and

sanctity by violating his rights in the resulting delay of his freedom to return to work, search of his vehicle and search of his person, and depriving him of his liberty.

28. Plaintiff alleges that the Baltimore County Police Department has both a reputation and a policy of disparately treating African American males differently than Caucasian males due to their race by regularly subjecting African American males to illegal traffic stops and subsequent searches and seizures in violation of their constitutional and civil rights.

29. Incredibly, on information and belief, none of the police officers wrote police reports concerning this incident despite having conducted a full search of the Plaintiff's person and his vehicle. Moreover, Defendant Wolford never issued any tickets or warnings and the BCPD claims that she had no body worn camera footage memorializing the incident.

30. Plaintiff subsequently made a complaint regarding the stop and illegal search and seizure of his person to the BCPD Office of Internal Affairs. As a result of such complaint, which was investigated under case #AC2020-060, Plaintiff was provided a letter from Captain David Truitt, Commander of the Internal Affairs Section, indicating that a violation of the Department's policies was found to have occurred and that corrective action was taken. However, the Captain did not specify what specific violation had occurred nor which particular Defendant Officer had committed such violation.

30. Plaintiff Carey had done absolutely nothing wrong – other than operate a vehicle as an African American Male in Baltimore County – when he was accosted by the Defendant officers. Plaintiff Carey was at all times completely cooperative and respectful to the officers and at no time granted them any permission or authority to conduct a search of his vehicle or his person.

31. At the time of this occurrence, all of the interactions between Plaintiff Carey and Defendants Leatherman and Remmers were being recorded by their respective body cameras,

while no such camera footage is reportedly available from the body worn camera of Defendant Officer Wolford, despite the provisions of BCPD General Order #2020-01, requiring patrol officers to activate their body worn cameras during traffic stops such as the one identified in this Complaint.

32. Without question, the slightly built 34 year-old Plaintiff was subjected to a serious, wanton, and an entirely unreasonable and unwarranted detention and search of his person and vehicle despite the fact that he was unarmed, non-threatening, and doing exactly what he was being ordered to do by Defendants.

33. Defendant Baltimore County routinely allows its ill-trained and poorly supervised police officers to stop and detain African American citizens on baseless and trumped up charges that have no basis in fact merely because the police officer feels he or she has the discretion to do so in any given situation.

34. At all times relevant to this action, Defendants Wolford, Leatherman and Remmers were acting under color of law and within the scope of their employment as duly appointed law enforcement officers of Baltimore County, Maryland.

35. At all times relevant to this action Baltimore County and Police Chief Hyatt in particular, had in effect and were responsible for the policies and procedures followed by Defendants Wolford, Leatherman and Remmers in the actions taken relating to Plaintiff Carey's unlawful arrest, seizure, detention, and violation of his civil rights as well as his 4th Amendment rights under the Constitution of the United States and the laws of Maryland. As such, they were further responsible for the hiring, training, supervision, monitoring and disciplining of the Defendant police officers involved.

## COUNT I

### (Assault & Battery - Defendants Leatherman and Remmers)

36. Plaintiff realleges and incorporates by reference paragraphs 1 through 35, as if fully set forth herein.

37. Defendant Leatherman, without proper grounds, willfully and maliciously assaulted Plaintiff by placing his hands on him during an unlawful search of his person, grabbing him from behind and going through his pockets as he ordered the Plaintiff to comply with his commands and was inflicted without justification, without permission of the victim, and without Plaintiff Carey presenting any threat of any kind to Defendant Leatherman or anyone else.

38. As a direct and proximate result of the aforementioned willful, malicious and intentional actions, Plaintiff Carey was injured by Defendant Leatherman on a public roadway in Baltimore County, Maryland.

**Wherefore**, Plaintiff demands judgment against Defendants, jointly and severally, in the full and fair amount of Two Million Dollars ($2,000,000.00) in compensatory and punitive damages, plus interest and costs.

## COUNT II

### (Illegal Detention-Defendants Wolford, Leatherman & Remmers)

39. Plaintiff realleges and incorporates by reference paragraphs 1 through 38 as if fully set forth herein.

40. Defendants Wolford, Leatherman & Remmers, without proper grounds, and with no rational reason or probable cause to believe that Plaintiff Carey had committed an arrestable offense, willfully and maliciously detained Plaintiff Carey and deprived him of his liberty and rights under both the 4th Amendment to the U.S. Constitution and the laws of Maryland.

41. The fact that Plaintiff Carey was driving his automobile in the area near where Officer Wolford was on routine patrol did not constitute probable cause needed to make either a warrantless arrest or detention of Plaintiff.

42. The fact that Plaintiff Carey was an African American operating his vehicle in a predominantly white area of Randallstown did not provide either reasonable grounds or probable cause to justify the unlawful detention by any of the Defendant officers.

43. The fact that Defendants Wolford, Leatherman or Remmers assumed or believed that Plaintiff Carey had illicit controlled dangerous substances under the circumstances of this case did not constitute probable cause needed to make a warrantless stop and detention/arrest.

44. As a result of Defendants Wolford, Leatherman and Remmers conduct and actions, Plaintiff Carey has suffered and will continue to suffer, severe mental anguish, medical and other related expenses, and loss of income.

**Wherefore**, Plaintiff demands judgment against Defendants, jointly and severally, in the full and fair amount of Two Million Dollars ($2,000,000.00) in compensatory and punitive damages, plus interest and costs.

## COUNT III

**(False Imprisonment-Defendants Wolford, Leatherman and Remmers)**

45. Plaintiff realleges and incorporates by reference paragraphs 1 through 44 as if fully set forth herein.

46. Defendants Wolford, Leatherman and Remmers, without proper grounds, and with no rational reason to believe that Plaintiff Carey had either committed an arrestable offense or was

in possession of any controlled dangerous substances or contraband of any kind, willfully and maliciously detained and searched the person of the Plaintiff Carey as well as his vehicle.

47. Plaintiff Carey was illegally detained and searched for sometime short of one hour without his consent, and was deprived of his liberty and freedom of movement.

48. As a result of Defendant Wolford, Leatherman and Remmer's conduct and actions, Plaintiff Carey has suffered, and will continue to suffer, damage by being unlawfully held against his will for an extended period of time.

**Wherefore**, Plaintiff demands judgment against Defendants, jointly and severally, in the full and fair amount of Two Million Dollars ($2,000,000.00) in compensatory and punitive damages, plus interest and costs.

### COUNT IV

**(Right to Be Secure From Unreasonable Seizures-All Defendants)**
**42 U.S.C. §1983 - Fourth Amendment; U.S. Constitution**

49. Plaintiff realleges and incorporates the allegations set forth in the preceding paragraphs 1 through 48 as though fully set forth herein.

48. Defendants and their employees and agents violated Plaintiff Carey's right to be free from false arrest, detention and unreasonable search and seizure.

49. These unlawful actions were done with the specific intent to deprive Plaintiff of his constitutional rights to be secure in his person and property.

50. Plaintiff Carey is informed and believes that the acts of the Defendants and their employees and agents were intentional in failing to protect and preserve Plaintiffs' person and that, at minimum, Defendants were deliberately indifferent to the likely consequence that the Plaintiff

would be unlawfully seized and had his person and vehicle illegally searched, based on the past circumstances of similar constitutional and statutory violations of the law.

**Wherefore**, Plaintiff demands judgment against Defendants, jointly and severally, in the full and fair amount of Two Million Dollars ($2,000,000.00) in compensatory and punitive damages, plus interest and costs.

## COUNT V

### (Deprivation of Civil Rights, 42 U.S.C. §1983 – Defendants Wolford, Remmers & Leatherman)

51. Plaintiff realleges and incorporates by reference paragraphs 1 through 50 as if fully set forth herein.

52. Plaintiff Carey further alleges that Defendants Wolford, Leatherman and Remmers, with deliberate indifference to and reckless disregard for the safety and well-being of the Plaintiff, and in violation of the $4_{th}$ Amendment to the Constitution, did on or about December 11, 2020, commit or allow to be committed an unreasonable search and seizure which deprived Plaintiff Carey of his Constitutional rights.

53. As a direct and proximate result of the unreasonable actions of Defendants Wolford, Leatherman and Remmers, Plaintiff Carey was subjected to an unlawful and completely unjustified seizure of his person, on or about December 11th, 2020.

**Wherefore**, Plaintiff demands judgment against Defendants Wolford, Leatherman an Remmers in the full and fair amount of Two Million Dollars ($2,000,000.00) in compensatory and punitive damages, plus interest and costs.

## COUNT VI

### (Intentional Infliction of Emotional Distress - Defendants Wolford, Leatherman and Remmers, Baltimore County)

54. Plaintiff realleges and incorporates by reference paragraphs 1 through 53 as if fully set forth herein.

55. Defendants Wolford, Leatherman and Remmers intentionally caused severe emotional distress to Plaintiff Carey by their extremely reckless, malicious and indifferent conduct, including but not limited to assaulting, illegally detaining and illegally searching his person and vehicle, for suspected crimes he did not commit.

56. As a direct and proximate result of the as of Defendants Wolford, Leatherman and Remmers' malicious and indifferent conduct, Plaintiff Carey suffered severe pain, emotional distress, and mental anguish.

**Wherefore**, Plaintiff demands judgment against Defendants, jointly and severally, in the full and fair amount of Two Million Dollars ($2,000,000.00) in compensatory and punitive damages, plus interest and costs.

### COUNT VII

**(Maryland Constitution-Defendants Wolford, Leatherman, Remmers and Baltimore County)**

57. Plaintiff Carey incorporates by reference, paragraphs 1 through 56 as is fully set forth herein.

58. The acts of Defendants Wolford, Leatherman and Remmers, in assaulting, illegally detaining and searching Plaintiff Carey without the requisite reasonable grounds or probable cause and for no legitimate reason and while he was unarmed and presenting no threat of any kind to anyone, were in violation of Article 26 of the Maryland Declaration of Rights which gave Plaintiff Carey a right to due process of law before being deprived of his life and liberty and a right not to be subjected to an unreasonable seizure.

59.  Defendant Baltimore County is liable on the basis of *respondeat superior* for any violations of the Maryland Constitution by Defendants Wolford, Leatherman and Remmers, that deprived Plaintiff Carey of his rights under Article 26.

**Wherefore**, Plaintiff demands judgment against Defendants, jointly and severally, in the full and fair amount of Two Million Dollars ($2,000,000.00) in compensatory and punitive damages, plus interest and costs.

## COUNT VIII

### (Negligent Training and Supervision Amounting to Deliberate Indifference §1983 - Defendants Baltimore County, Chief Melissa Hyatt)

60.  Plaintiff Carey incorporates by reference paragraphs 1 through 59 as if fully set forth herein.

61.  At all times relevant herein, Defendants Wolford, Leatherman and Remmers were acting under the direction and control, and pursuant to the rules, regulations, policies and procedures, of Defendant Baltimore County and its Police Chief, Melissa Hyatt.

62.  Defendants Baltimore County and Chief Hyatt acted negligently, carelessly, recklessly and with deliberate indifference in failing to properly train, supervise, control, direct and monitor its police officers involved in responding to incidents requiring police response perceived and in particular, Defendants Wolford, Leatherman and Remmers in their duties and responsibilities.

63.  As a direct and proximate result of the acts and omissions of Defendants Baltimore County and Chief Hyatt, Plaintiff Carey was wrongfully, unlawfully and unnecessarily assaulted, illegally detained, improperly and illegally subjected to a search of his person and property, and deprived of his liberty by Defendants Wolford, Leatherman and Remmers who had no legitimate basis at all for their actions.

**Wherefore**, Plaintiff demands judgment against these Defendants, jointly and severally, in the full and fair amount of Two Million Dollars ($2,000,000.00) in compensatory and punitive damages, to the extent allowed by law, plus interest and costs.

### Jury Demand

The Plaintiff demands a trial by jury on all issues so triable.

_____/s/_____
Mark W. Howes, Esquire [Bar No. 09489]
mwhowes@markhoweslaw.com


_____/s/_____
Alexander J. Sass, Esquire [Bar No. 21206]
asass@markhoweslaw.com

LAW OFFICES OF MARK W. HOWES, LLC
1906 Towne Centre Boulevard - Suite 275
Annapolis, MD 21401
Phone: (410) 266-1041
Fax: (410) 266-1449

*Counsels for Plaintiff*