IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| CHRISTOPHER JAMES CAREY | * |
| Plaintiff, | * Civil Action No. 1:22-cv-00782-RDB |
| v. | * |
| EMILY WOLFORD, Police Officer<br>Baltimore County Police Department | * |
| And | * |
| B. REMMERS, Police Officer<br>Baltimore County Police Department | * |
| And | * |
| MICHAEL LEATHERMAN, Police Officer<br>Baltimore County Police Department | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \*

## AMENDED COMPLAINT FOR DAMAGES & JURY DEMAND

(Assault & Battery; False Arrest/Detention; Illegal Search & Seizure, False Imprisonment; Deprivation of Civil Rights; 1983 action; Deprivation of Maryland Constitutional Rights)

### INTRODUCTION

1. This is a civil action brought pursuant to 42 U.S.C. §1983 seeking damages against the Defendants for committing acts under color of law which deprived Plaintiff, Christopher James Carey (hereinafter "Plaintiff Carey'), of rights secured under the Constitution and laws of the United States and the State of Maryland.

2. In addition, it is a civil action seeking damages against the Defendants for intentional wrongdoing and acts of negligence under common law.

3. All conditions precedent to the filing of this suit have been satisfied.

1

## JURISDICTION AND VENUE

4. Jurisdiction exists in this case pursuant to the Fourth Amendment to the Constitution, and under 42 U.S.C. § 1983, 28 U.S.C. § 1331, 28 U.S.C. § 1343.

5. Baltimore County Government was given notice of this claim by letter dated December 6th, 2021, pursuant to the Local Government Tort Claims Act, Courts & Judicial Proceedings Article §5-304, of the Annotated Code of Maryland.

6. Venue is proper in this Court because the events articulated in this Complaint occurred in Towson, Baltimore County, Maryland on or about December 11th, 2020 at approximately 1030 hours and because Baltimore County, Maryland, and its agent, the Baltimore County Police Department (hereinafter "BCPD"), are located in this judicial circuit.

## PARTIES

7. Plaintiff Carey was at all times relevant herein, a resident of Baltimore County who resides at 5413 Hutton Avenue, Baltimore, Maryland 21207.

8. Defendant Police Officer Emily Wolford is a Caucasian (white) individual who was at all times relevant to this proceeding a Baltimore County Police Officer acting within the course and scope of her employment with Defendant Baltimore County. This Defendant is being sued in her individual and official capacities.

9. Defendant Police Officer B. Remmers is a Caucasian (white) individual who was at all times relevant to this proceeding a Baltimore County Police Officer acting within the course and scope of his employment with Defendant Baltimore County. This Defendant is being sued in his individual and official capacities.

10. Defendant Police Officer Michael Leatherman is a Caucasian (white) individual who was at all times relevant to this proceeding a Baltimore County Police Officer acting within

the course and scope of his employment with Defendant Baltimore County. This Defendant is being sued in his individual and official capacities.

## STATEMENT OF RELEVANT FACTS

11. Baltimore County maintains the Baltimore County Police Department (BCPD) and, through it, employs police officers who, among other things, are responsible for protecting individuals and property in Baltimore County, Maryland.

12. Plaintiff Carey was a 34-year-old African American man who stood 5'11" tall and weighed 210 pounds at the time of the incident addressed in this Complaint. He is a father of three minor children and lived with a friend at 4923 Old Court Road in Randallstown, Baltimore County, Maryland 21133, at the time of his encounter with Defendants Wolford, Remmers and Leatherman.

13. Two weeks before Christmas, on or about the morning hours of December 11th, 2020, Plaintiff Carey was lawfully operating his recently purchased 1998 Lexus automobile along Liberty Road in the Randallstown area of Baltimore County, Maryland.

14. Unbeknownst to Carey, the man he purchased his car from had switched the Lexus emblem on the trunk for a Toyota emblem.

15. Apparently seeing this disparity, Officer Wolford activated her lights and siren and stopped Plaintiff Carey in a parking lot near Chatman Road.

16. Officer Wolford approached Carey's car and asked for the ordinary documentation, including his license and registration.

17. Plaintiff Carey readily provided all documents requested.

18. Officer Wolford took Carey's documentation back to her cruiser and radioed Officers Leatherman and Remmers to come to the scene with a narcotics-detecting canine to conduct a dog sniff.

19. There was no evidence Carey was under the influence of drugs or alcohol or that he possessed the same in his car.

20. Officers Leatherman and Remmers arrived at the scene 40 minutes later.

21. During that time, Officer Wolford did not ask Carey any other questions; the two simply sat in their vehicles waiting for the canine unit.

22. Upon arrival, Officer Leatherman did not immediately conduct a dog sniff and instead investigated the alleged registration issues by walking between Carey's car and Officer Wolford's cruiser and asking them various questions.

23. Roughly 45 minutes after Officer Wolford fist stopped Carey, Leatherman asked him to exit his car.

24. Despite not being told why, Carey complied and was shepherded away from his car flanked by the Officers.

25. At no time did Defendant Leatherman request permission to conduct a search of the Plaintiff's vehicle.

26. One of the officers then conducted a dog sniff of Carey's car.

27. After the dog failed to alert on anything, Officer Wolford searched the cabin and trunk of Carey's car.

28. She found nothing.

29. Almost an hour after Officer Wolford first stopped Carey, Officer Leatherman asked to search Carey's person.

30. Carey – now surrounded by four armed, uniformed police officers – reluctantly complied with Leatherman's request by raising his hands above his head.

31. Officer Leatherman found nothing after conducting a body search of Carey.

32. The searches of both his person and his vehicle were conducted by the officers despite the fact that Carey was unarmed, non-threatening, and doing exactly what he was being ordered to do by Defendants.

33. Finally, over an hour after she first stopped him, Officer Wolford returned Carey's documentation and told him she was letting him off with a verbal warning.

34. Carey was inappropriately detained on a traffic stop much longer than necessary so that the Defendant could summon a canine to conduct a search of his vehicle – without permission, consent, or probable cause – because Carey was a black man operating a vehicle in Baltimore County.

35. Carey was unreasonably and impermissibly delayed from his daily routine by the actions of the Defendants who treated him as if he was a criminal despite never having been arrested.

36. As a result of this incident, Carey was humiliated, embarrassed, suffered mental anguish as well as emotional injuries when the defendants invaded his personal privacy and sanctity by violating his rights in the resulting delay of his freedom to return to work, search of his vehicle and search of his person, and depriving his of his liberty.

37. BCPD has both a reputation and policy of disparately treating black men differently than white men due to their race by regularly subjecting black men to illegal traffic stops and subsequent searches and seizures in violation of their constitutional and civil rights.

38. According to the BCPD's own website as of December 9th, 2022, black men account for half of all traffic stops performed annually by officers of that department.

39. On information and belief, none of the officers involved wrote reports concerning this incident despite having conducted a full search of Carey's person and his vehicle.

40. Officer Wolford never issued any tickets or written warnings and claims that she had no body work camera footage memorializing the incident, despite the provisions of BCPD General Order #2020-01, requiring patrol officers to activate their body worn cameras during traffic stops such as the one identified in this Complaint.

41. Carey subsequently made a complaint regarding the traffic stop and illegal search and seizure of his person and vehicle to the BCPD Office of Internal Affairs.

42. As a result of such complaint, which was investigated under case #AC2020-060, Carey was provided a letter from Captain David Truitt, Commander of the Internal Affairs Section, indicating that a violation of the Department's policies was found to have occurred and that corrective action was taken.

43. However, the Captain did not specify what specific violation had occurred nor which particular Defendant had committed such violation.

44. Carey was at all times completely cooperative and respectfully to the Defendants and at no time properly granted them any permission or authority to conduct a search of his vehicle or his person except under duress.

45. Carey was subjected to an unreasonable and unwarranted detention and search of his person and vehicle.

46. At all times relevant to this action, Defendants Wolford, Remmers and Leatherman were acting under color of law and within the scope of their employment as duly appointed law enforcement officers of the Baltimore County Police Department (BCPD).

## COUNT I

### (Assault & Battery - Defendant Leatherman)

47. Plaintiff realleges and incorporates by reference paragraphs 1 through 46, as if fully set forth herein.

48. Defendant Leatherman, without proper grounds, willfully and maliciously assaulted Plaintiff by placing his hands on him during an unlawful search of his person, grabbing him from behind and going through his pockets as he ordered the Plaintiff to comply with his commands and was inflicted without justification, without permission of the victim, and without Plaintiff Carey presenting any threat of any kind to Defendant Leatherman or anyone else.

49. As a direct and proximate result of the aforementioned willful, malicious and intentional actions, Plaintiff Carey was injured by Defendant Leatherman on a public roadway in Baltimore County, Maryland.

**Wherefore**, Plaintiff demands judgment against Defendants, jointly and severally, in the full and fair amount of Two Million Dollars ($2,000,000.00) in compensatory and punitive damages, plus interest and costs.

## COUNT II

### (Illegal Detention-Defendants Wolford, Leatherman & Remmers)

50. Plaintiff realleges and incorporates by reference paragraphs 1 through 49 as if fully set forth herein.

51. Defendants Wolford, Leatherman & Remmers, without proper grounds, and with no rational reason or probable cause to believe that Plaintiff Carey had committed an arrestable offense, willfully and maliciously detained Plaintiff Carey and deprived him of his liberty and rights under both the 4th Amendment to the U.S. Constitution and the laws of Maryland.

52. The fact that Plaintiff Carey was driving his automobile in the area near where Officer Wolford was on routine patrol did not constitute probable cause needed to make either a warrantless arrest or detention of Plaintiff.

53. The fact that Plaintiff Carey was an African American operating his vehicle in a predominantly white area of Randallstown did not provide either reasonable grounds or probable cause to justify the unlawful detention by any of the Defendant officers.

54. The fact that Defendants Wolford, Leatherman or Remmers assumed or believed that Plaintiff Carey had illicit controlled dangerous substances under the circumstances of this case did not constitute probable cause needed to make a warrantless stop and detention/arrest.

55. As a result of Defendants Wolford, Leatherman and Remmers conduct and actions, Plaintiff Carey has suffered and will continue to suffer, severe mental anguish, medical and other related expenses, and loss of income.

**Wherefore**, Plaintiff demands judgment against Defendants, jointly and severally, in the full and fair amount of Two Million Dollars ($2,000,000.00) in compensatory and punitive damages, plus interest and costs.

## COUNT III

**(False Imprisonment-Defendants Wolford, Leatherman and Remmers)**

56. Plaintiff realleges and incorporates by reference paragraphs 1 through 55 as if fully set forth herein.

57. Defendants Wolford, Leatherman and Remmers, without proper grounds, and with no rational reason to believe that Plaintiff Carey had either committed an arrestable offense or was in possession of any controlled dangerous substances or contraband of any kind, willfully and maliciously detained and searched the person of the Plaintiff Carey as well as his vehicle.

58. Plaintiff Carey was illegally detained and searched for some time short of one hour without his consent, and was deprived of his liberty and freedom of movement.

59. As a result of Defendant Wolford, Leatherman and Remmer's conduct and actions, Plaintiff Carey has suffered, and will continue to suffer, damage by being unlawfully held against his will for an extended period of time.

**Wherefore**, Plaintiff demands judgment against Defendants, jointly and severally, in the full and fair amount of Two Million Dollars ($2,000,000.00) in compensatory and punitive damages, plus interest and costs.

## COUNT IV

**(Right to Be Secure From Unreasonable Seizures-All Defendants)**
**42 U.S.C. §1983 - Fourth Amendment; U.S. Constitution**

60. Plaintiff realleges and incorporates the allegations set forth in the preceding paragraphs 1 through 59 as though fully set forth herein.

61. Defendants and their employees and agents violated Plaintiff Carey's right to be free from false arrest, detention and unreasonable search and seizure.

62. These unlawful actions were done with the specific intent to deprive Plaintiff of his constitutional rights to be secure in his person and property.

63. Plaintiff Carey is informed and believes that the acts of the Defendants and their employees and agents were intentional in failing to protect and preserve Plaintiffs' person and that,

at minimum, Defendants were deliberately indifferent to the likely consequence that the Plaintiff would be unlawfully seized and had his person and vehicle illegally searched, based on the past circumstances of similar constitutional and statutory violations of the law.

**Wherefore**, Plaintiff demands judgment against Defendants, jointly and severally, in the full and fair amount of Two Million Dollars ($2,000,000.00) in compensatory and punitive damages, plus interest and costs.

## COUNT V

### (Deprivation of Civil Rights, 42 U.S.C. §1983 – Defendants Wolford, Remmers & Leatherman)

64. Plaintiff realleges and incorporates by reference paragraphs 1 through 63 as if fully set forth herein.

65. Plaintiff Carey further alleges that Defendants Wolford, Leatherman and Remmers, with deliberate indifference to and reckless disregard for the safety and well-being of the Plaintiff, and in violation of the 4th Amendment to the Constitution, did on or about December 11, 2020, commit or allow to be committed an unreasonable search and seizure which deprived Plaintiff Carey of his Constitutional rights.

66. As a direct and proximate result of the unreasonable actions of Defendants Wolford, Leatherman and Remmers, Plaintiff Carey was subjected to an unlawful and completely unjustified seizure of his person, on or about December 11th, 2020.

**Wherefore**, Plaintiff demands judgment against Defendants Wolford, Leatherman an Remmers in the full and fair amount of Two Million Dollars ($2,000,000.00) in compensatory and punitive damages, plus interest and costs.

## COUNT VI

### (Maryland Constitution-Defendants Wolford, Leatherman, Remmers)

67. Plaintiff Carey incorporates by reference, paragraphs 1 through 66 as is fully set forth herein.

68. The acts of Defendants Wolford, Leatherman and Remmers, in assaulting, illegally detaining and searching Plaintiff Carey without the requisite reasonable grounds or probable cause and for no legitimate reason and while he was unarmed and presenting no threat of any kind to anyone, were in violation of Article 26 of the Maryland Declaration of Rights which gave Plaintiff Carey a right to due process of law before being deprived of his life and liberty and a right not to be subjected to an unreasonable seizure.

**Wherefore**, Plaintiff demands judgment against Defendants, jointly and severally, in the full and fair amount of Two Million Dollars ($2,000,000.00) in compensatory and punitive damages, plus interest and costs.

### Jury Demand

The Plaintiff demands a trial by jury on all issues so triable.

_____
Mark W. Howes, Esquire [Fed Bar No. 09489]
mwhowes@markhoweslaw.com

LAW OFFICES OF MARK W. HOWES, LLC
1906 Towne Centre Boulevard - Suite 275
Annapolis, MD 21401
Phone: (410) 266-1041
Fax: (410) 266-1449

*Counsels for Plaintiff*